Kent, Cb. J. delivered the opinion of the court.
This case presents two points : 1. The validity of the plaintiff’s title, as deduced under the deed from the trustees of Rochester to Leonard Cole, bearing date the 18th of Novmber, 1714.
2. The weight of the defence of adverse possession.
1st. The deed to Cole was admissible in evidence, asa competent and valid deed. There is no colour for the suggestion, that the freeholders and inhabitants of Rochester were incorporated as a body politic, by the patent of 1703. That patent is in the usual form of a grant, in fee, to Colonel Beckman, and two other persons as joint tenants. ■ The patent, however, declares' that the grant is to them and the survivors, or survivor in trust, for the *233 freeholdei's and inhabitants of Rochester, who are annual- . , ly, on the first Tuesday in, June, to elect three trustees, to whom the lands are to be conveyed annually by the trusfees of the preceding year, and so the lands are to be continued from one set of trustees to another, until they shall be disposed of, and each set of trustees are to hold the lands in fee, and with full power to manage, and to alienate the same. All that was, therefore, said upon the argument, about the necessity of showing that the deed to Cole, was by the corporate name, and under a corporate seal, is entirely inapplicable. The only question is, whether the' deed in question was made by the grantors during the time that they were invested with the fee of the land. It appears by the minutes of the proceedings of the trustees of the town of Rochester, introduced by the defendant, that the three grantors in the deed to Cole, were trustees in 1717, and that two of them were never trustees, except in that year, and the deed is from them, in the character of trustees. This fact is decisive, that the deed was executed in 1717, .and that the date of 1714 is a mistake. This might easily have arisen, and the date is the less to be regarded, as it is in figures. It lay with the defendant to destroy the operation of the deed, for prima facie it is to be taken what it purports to be, a deed from the trustees of Rochester. It must be admitted as a correct and sound principle, ut fes magis valeat quam yoereat, that if the three grantors were at one time jointly seised in fee, and competent to convey as the deed purports, their deed is to be deemed to have been made at such time, unless the cqntráry be shown by unequivocal proof. A deed shall never be laid aside asvoid, if, by any construction, it can be made good. (Hob. 277.) The date is no part of the substance of a deed, and not necessary to be inserted. The real date of a deed is the time of its delivery.
The consideration in the deed was sufficiently expressed. It was a certain sum of money, of the colony of New *234 Yorlc, to them in hand paid ; this is enough. The case of Fisher v. Smith (Moore, 569, case 777.) is in point. It was adjudged in that case, that if a deed say for a competent sum of money, this is sufficient without specifying the sum, and the parties shall not be admitted to aver or prove against this express assertion in the deed, that no money was paid.
The deed derived sufficent authenticity from the proof, which was by the acknowledgment and oath of the only surviving trustee in 1750, before a county judge, and which the judge deemed proof sufficient to authorize the deed to be recorded. It is true, as was observed by the plaintiff’s counsel, that until 1771, the mode of taking the proof of deeds was rather loose and unsettled, and this appears from the preamble to the act of the 16th of February, 1771. The practice in the colony before that time is undoubtedly to be, regarded on a question touching the authenticity and validity of an ancient deed, and the deed before us is to be classed under that denomination.
This deed being regarded as valid, it conclusively establishes a title in the lessors of the plaintiff to the seven acres possessed by the defendant.
2d. The other point in the cause relates tothe adverse possession set up by the defendant. Yhe possession fence as it was termed, which was run round the large tract in 1774,1 db not consider as an adverse possession, sufficient to toll the right of entry of the true owner, after twenty years. This mode of taking possession is too loose and equivocal. There must be a real and substantial enclosure, an actual occupancy, apossessio pedis, which is definite, positive, and notorious, to constitute an adverse possession, when that is the only defence, and is to countervail a legal title. If this possession be laid out of view, the possession of 1785,' or 1786, was not a possession of twenty years, before the commencement of *235 the suit. The motion for a new trial is therefore deni- , . . ed. (a)
Judgment for the plaintiff.

 If a person seeks to avoid a deed on the ground of adverse possession, at the time of its execution, such adverse possession must be clear-Iy.made out by positive facts, and should not be left to inference or conjecture. Wickham. q. t. v. Conklin 8. John Rep. 220.