McMICHAEL vs. CARLYLE.

*November 11 — November 22, 1881.*

DEEDS.    *Undated deed as evidence of title.*

> A date is not essential to the validity of a deed, but it takes effect from its delivery; and where a *tax deed* did not mention the year of its execution, but the acknowledgment was fully dated, and the deed was shown to have been recorded the same day: *Held*, that it should have been received in evidence, and that the statute of limitations began to run thereon from the date of its recording.

APPEAL from the Circuit Court for *Crawford* County.

Replevin, for cord wood. The case is stated in the opinion. Plaintiff appealed from a judgment of nonsuit.

For the appellant there was a brief by *Thomas & Fuller*, and oral argument by *Mr. Fuller*.

The cause was submitted for the respondent on the brief of *G. L. Miller* and *Wm. H. Evans*.

COLE, C. J.   The plaintiff attempted to make good his right or title to the wood in controversy through a tax deed.   His vendor, Wilcox, who was the grantee in the ·tax deed, finding the wood cut upon the land embraced in the deed, took possession of the same and sold it to the plaintiff.   There is no dispute as to where the wood was cut, but the defendant, in his answer, claimed that the land was his.   On the trial, the tax deed was offered in evidence by the plaintiff, and excluded because it was not dated.   The tax deed was regular and perfect in all respects, except as to its date.   But the officer executing the deed failed to fill up the blank as to the year, so that the deed read as follows: Executed, etc., " this fifteenth day of September, in the year of our Lord one thousand eight hundred and —."   The deed was properly witnessed and acknowledged, the acknowledgment bearing date September 15, 1870.   It was proven by the records, without objection, that the deed was recorded in the office of the register of deeds of the county on that day.   The real date of the execution of the deed was also proven by the grantee.   And as the plaintiff's counsel proceeded to ask the witness when the deed was actually delivered to him, the circuit judge refused to allow the question to be answered, saying the presumption was that the deed was delivered at the date of the acknowledgment, and he would so hold as a matter of law.   But still the learned judge refused to permit the deed to be given in evidence for any purpose, and finally nonsuited the plaintiff.   The only exception we shall consider is the one taken to this ruling.

The form of a tax deed, as prescribed by statute then applicable to the instrument, contains a blank for the full date, which is usually filled up when the deed is executed and delivered by the officer.   See section 50, ch. 22, Laws of 1859; also section 166, ch. 18, Tay. Stats.   While the date of the recording of the deed is important because it fixes the time from which the limitation begins to run (section 172, ch. 18, Tay. Stats.), still there is nothing in the statute declaring the effect of an

omission to fill up the date. Therefore, what legal consequence will follow from the failure to date a tax deed must be determined by general principles of law which are applicable to other deeds and sealed instruments. Prof. Washburn, in his work on Real Property, says: " There is usually a date inserted in the deed, as indicating the time when the same was executed and delivered, and the law presumes that the deed was executed on that day; and this is so, even if the date do not agree with the date of acknowledgment, for that may have been made after the delivery of the deed. In indentures this is commonly at the beginning of the instrument; but in single deeds or deeds-poll it is generally inserted at the close. But though a presumption would arise that the deed was delivered and took effect on the day of the date, if there was nothing offered in evidence to control this, it is always competent to show that the date inserted was not the true date of its delivery. Besides, it is immaterial whether a deed has any date or not; nor would it be affected though the date was an impossible one, like the *thirtieth* of February. Dates have, however, been in general use since Edward II and Edward III." 3 Washb. Real Prop. (4th ed.), § 19, p. 577. In his notes the learned author cites a great many authorities, all of which I have examined, and find that they support the doctrine laid down in the text. These authorities show beyond all question that a date is not essential to a deed; that it is not necessary one should be inserted in order to make the instrument valid. " The real date of the deed is the time of its delivery." KENT, C. J., in *Jackson v. Schoonmaker*, 2 Johns., 234. So a deed is good if it has the day of the month, but no year is mentioned. Com. Dig. "Fait, B."

In view of the authorities it is apparent that the learned circuit court erroneously excluded the deed for the reason that it was not dated. As we have said, the deed was properly attested and acknowledged. The record showed that it was recorded at the date of the acknowledgment. The land was

vacant and unoccupied, and the statute would run in favor of the grantee from the date the deed was recorded.

Without noticing any other question, we think the judgment of the circuit court must be reversed, and a new trial ordered.

*By the Court.*— So ordered.