## DAVID v. WHITEHEAD ET AL.

Taxation—Sale of Lands for Taxes—Time for Redemption—
Last Day for Redemption Falling on Sunday, Taxpayer Has
All the Following Day—Tax Deed—Validity—When It May
Be Lawfully Executed—Premature Execution of Tax Deed—
Date of Deed — Delivery — What Constitutes Exercise of
Power to Execute Tax Deed—Evidence to Show Date of De-
livery—Appeal and Error—Matter Not Considered by Trial
Court—Record—Pleading—Reply—Construction of Pleading.

1. As evidence of his title to certain land in controversy, the
plaintiff offered a tax deed, dated September 14, 1901, issued
upon a sale occurring September 15, 1898, and offered to
prove acknowledgment and delivery of the deed on Sep-
tember 21, 1901, which evidence the trial court excluded, as
well as a further offer to prove the various steps taken by
plaintiff and the taxing officers preliminary to the execution
of the deed.  The statute allows real property sold for
taxes to be redeemed at any time before the expiration of
three years from the date of sale, and requires the County
Treasurer, immediately after the expiration of three years
from the date of sale of any lands sold for taxes remaining
unredeemed, to make and deliver a deed therefor to the
purchaser. *Held,*

    (a) Where the last day of the regular period for re-
demption from tax sale falls on Sunday, that day
will be excluded and the taxpayer will have all of
the following day in which to redeem.

    (b) The execution and delivery of a tax deed prior to
the expiration of the period for redemption is
unauthorized and void.

    (c) Since the real date of a deed is the time of its de-
livery, and it is always competent to show when
the instrument was actually delivered, notwith-
standing the recital therein of a date of execution,
the mere fact that the date written in a tax deed
was prior to the expiration of the redemption
period is not in itself conclusive proof that the
deed was prematurely executed, and does not
make the deed necessarily void on its face.

    (d) A tax deed not delivered until after the expiration
of the period for redemption is not void as being

prematurely executed, though a date of execution prior to the expiration of such period be inserted in the deed.

(e) The power of the officer to execute a tax deed is not exercised until delivery, though he may have previously signed and sealed it.

(f) It was error to exclude the deed and the evidence offered to show actual delivery after the date named in the deed and after the redemption period had expired.

(g) An affirmance of the judgment against plaintiff, notwithstanding the error in excluding the deed and the offer to prove the date of its delivery, would not be justified on the ground of the insufficiency of the preliminary notice to authorize the deed, since that question was not presented to or considered by the trial court, the deed and subsequent offer to prove compliance with the preliminary requirements having been rejected on the erroneous ground that the deed was void on its face as showing by its date premature execution, and the court refused to receive evidence as to notice.

(h) An affirmance of the judgment would not be authorized on the ground of the insufficiency of such preliminary notice for the further reason that the alleged notice was not offered in evidence, is not incorporated in the bill of exceptions, and is in the record only as an exhibit to defendant's answer.

(i) Though the giving of the alleged insufficient notice is admitted by the reply, there is nothing to show that it was the only one given, or that it is the notice relied on by plaintiff, since he avers in his reply a full compliance with the statutory requirements.

2. Where defendant, contesting the validity of plaintiff's tax deed, attached to his answer as an exhibit an alleged copy of the notice served upon him preliminary to the issuance of the deed, claiming it to be insufficient as a notice, *Held,* that the exhibit was not a part of the answer.

3. An alleged tender by defendant taxpayer to redeem from the tax sale being denied by plaintiff's reply, and no evidence having been offered on the trial in support of the allega-

tion, the matter is not before the appellate court for consideration on error.

4. Under the code, the allegations of a pleading must be construed with a view to substantial justice between the parties.

5. A reply must be construed as a whole, and all its parts construed together, to ascertain the intention of the pleader.

6. Plaintiff in his reply having apparently admitted that he applied for and obtained a tax deed on a date alleged in the answer, which was prior to the time when the deed could have been lawfully delivered, but, in a subsequent part of the same reply, averred that he applied for such deed on the date aforesaid, and that on a subsequent day (which would have been a proper time therefor) the deed. was made, executed and delivered to him; the two statements must be considered together, and with reference to the allegations to which they constitute a reply; and that by so construing them the aforesaid admission had evident reference to another matter in the answer, rather than the date of delivery, while the later averment was intended to specifically state the date of delivery; and hence the reply is not to be construed as admitting delivery at an improper time.

[Decided December 31, 1904.]          (79 Pac., 19, 923.)
[Rehearing denied March 6, 1905.]

Error to the District Court, Laramie County, Hon. Richard H. Scott, Judge.

Action by Edward C. David against James R. Whitehead, Elizabeth Wilson and Edwin J. Smalley, as sheriff, to enjoin the foreclosure of a mortgage and the sale of certain real estate alleged to be owned by the plaintiff. The plaintiff claimed under a tax deed. The defendant Wilson claimed under a mortgage executed by her co-defendant Whitehead. Judgment was rendered for defendants, and plaintiff prosecuted error. The points involved and the material facts are stated in the opinion.

*W. R. Stoll,* for plaintiff in error.

Upon the conveyance of real property title does not pass until delivery of the deed; the date of the deed or the date

when it takes effect is the date of its delivery. (Chase's Black., Book 2, 254; 3 Wash. Real Prop. (5th Ed.), 299, 303; 9 Ency. Law (2d Ed.), 150-152; 1 Devlin on Deeds, 177, 264; 1 Cyc., 514.) A tax deed forms no exception to the general rule that a deed can only take effect from the date of its delivery; and the date of a tax deed, therefore, is the date of its delivery. (3 Devlin on Deeds, Sec. 1409; Black on Tax Titles, Sec. 392; Jackson v. Schoonmaker, 2 Johns., 230; McMichael v. Carlyle, 53 Wis., 504.) It is true that in the absence of other controlling evidence it will be generally presumed that the date of the execution of the deed shows the date of its delivery; and courts have been divided on the question as to when the law will presume a delivery, the deed bearing one date and the acknowledgment another. It is submitted, however, that under statutes similar to those of this state the law is as follows: When an acknowledgment is necessary to give validity to the deed, and the acknowledgment is taken subsequently to the execution of the deed, the law will presume, if anything, that the date of delivery is the date of the acknowledgment; at least it will presume that the date of delivery was not prior to the date of acknowledgment. (3 Washburn Real Prop. (5th Ed.), 303; Blanchard v. Tyler, 12 Mich., 339; Johnson v. Moore, 28 id., 3; Eaton v. Trowbridge, 38 id., 454; Dresel v. Jordan, 104 Mass., 407; Loomis v. Pingree, 43 Me., 299; Henry v. Bradshaw, 20 Ia., 355; Portz v. Schantz, 70 Wis., 497; 1 Cyc., 561; Black on Tax Titles, Sec. 392; 9 Ency. Law (2d Ed.), 152, 153; 1 Devlin on Deeds, 177-181.) An acknowledgment is essential to the validity of a tax deed. (R. S. 1899, Secs. 1894, 1896, 1897.) Clearly, if the treasurer should refuse to acknowledge a tax deed, the grantee could claim nothing thereunder, especially as against one claiming title to the same property. The tax deed not having been acknowledged until several days after the period for redemption had expired, the presumption must be that the deed was not delivered until it had been acknowledged.

The requirements of the statute upon a tax sale, in order to validate a deed, must be complied with by the treasurer. The acknowledgment required by statute must be made essentially as prescribed or the deed will be void. (R. S. 1899, Sec. 1897; Black on Tax Titles, Sec. 393; 3 Devlin on Deeds, Sec. 1409; 1 Cyc., 514, 547; Leftwich v. Richmond (Va.), 4 S. E., 651; Reddick v. Long (Ala.), 27 So., 403; Smith v. Watson, id., 254; Armstrong v. Hufty (Ind.), 55 N. E., 443; Goodykoontz v. Oleson (Ia.), 6 N. W., 263.)

The actual time of the delivery of a deed may always be shown by extraneous evidence. (1 Cyc., 560, 561; 1 Devlin on Deeds, Sec. 102; 9 Ency. Law, 152, 153.) The question of tender by the defendant Whitehead of the amount of the taxes is not before the court for consideration, because, in the first place, the case had not reached the stage at which the matter of tender could have been considered in the trial court, and, in the second place, the only possible connection in which the so-called tender could have with the ultimate determination of this case could only be made apparent, if at all, when the defendant should prove that he did tender the money to the County Treasurer on September 16, 1901, and that the treasurer refused the same. It is submitted that the questions involved are so elementary that the further citation of authority is unnecessary; and that the judgment should be reversed upon two grounds at least—(1) that the deed offered in evidence was not void on its face, and (2) that the court erred in refusing to permit the plaintiff to prove the date of actual delivery.

*D. W. Elliott,* for defendants in error.

The general rules concerning the date of a deed, its delivery and acknowledgment, do not affect the matters at issue in this case. This is a case where the government by special statute undertakes to subject the property of a citizen to the use of the government. Hence, the question here is not the usual one occurring between individuals, but involves the exercise of a special statutory power. Therefore,

if the tax deed was not made in accordance with the laws authorizing its execution, it must be held void, notwithstanding the general statement of the principles contended for by counsel for plaintiff in error. The government has no inherent power to deprive a citizen of his property for public use; and when the necessity therefor arises it can be done only by virtue of some statute specifically providing therefor; and this is particularly true of a proceeding for the sale of lands for unpaid taxes. (Cooley on Taxation, 470.) Statutes authorizing the sale of lands for taxes must be strictly construed and rigidly followed. (Id.; Blackwell on Tax Titles, 377; Black on Tax Titles, 256; Reeds v. Moulton, 9 Mo., 878; Brown v. Veazie, 25 Me., 359; Gomer v. Chaffee, 6 Colo., 314; Potts v. Cooley, 51 Wis., 353; Gage v. Bani, 141 U. S., 344; Clason v. Baldwin, 152 N. Y., 204; Burroughs on Taxation, 312, 313.) Surely the observance of the statute, as to the time allowed for redemption, is more than a mere formality.

A deed made under statutory power, such as a sheriff's deed on execution or mortgage sale, or a tax deed, can be made only at the time provided by statute, and if made previously it is absolutely void. (Freeman on Ex., p. 316; Pingrey on Mortg., Sec. 1981; Gorham v. Wing, 10 Mich., 485; Hall v. Yoell, 45 Cal., 584; Gross v. Fowler, 21 id., 391; Bernal v. Gleim, 33 id., 668; Dubois v. Hepburn, 10 Pet., 4; Anan v. Barker, 49 N. H., 161; *Ex parte* Bank, 7 Hill, 177; Blackwell on Tax Titles, Sec. 377; 25 Ency. Law, 419; Burroughs on Taxation, 326; Wood v. Coad, 94 N. W., 264.)

The tax deed in controversy being dated September 14, 1901, was executed before the time allowed by the statute for the redemption of the land sold had expired, and is, for that reason, void and conveys no title or interest in, or to, the land. (Anan v. Barker, 49 N. H., 161; Safford v. Conan, 60 N. W., 429; Whittlesey v. Happenyan, 39 id., 355; Wood v. Coad, 94 id., 264; Wettig v. Bowman, 39 Ill., 416; McGavock v. Pollock, 13 Neb., 535; Ward v.

Phillips, 89 N. Ca., 215; Noble v. Douglas, 42 Pac., 328; Sprecher v. Wakeley, 11 Wis., 432; Lindsay v. Fay, 25 id., 460.) The deed itself was not introduced in evidence, the record in the office of the County Clerk being offered in its place, which record showed recording September 21, and that record is scarcely conclusive proof that the deed was really acknowledged on that date. But if it be conceded that the deed was not acknowledged until September 21, it would not show on its face its execution as of that date. The certificate of acknowledgment is not a part of the execution of the deed. At common law a deed was executed when signed and sealed, and the matter of acknowledgment is purely statutory and of comparatively modern origin. The official acknowledgment is only evidence of the fact of execution, namely: of something that had previously occurred. (Cooley's Black., pp. 294, 306.) The day of sale is to be excluded from the period allowed for its execution. (R. S. 1899, Secs. 1890, 1894, 3423; Daley v. Anderson, 7 Wyo., 1; White v. Hinton, 3 Wyo., 753.) Hence, the sale having occurred September 15, 1898, the regular redemption period would not expire until the last moment of September 15, 1901, but the date last named having fallen on Sunday, which is alleged in the separate answer of defendant Whitehead, and admitted in the reply to the separate answer of defendant Wilson, the taxpayer had all of the following day in which to redeem, namely: September 16, as Sunday must be excluded under the statute. (R. S. 1899, Sec. 3423; English v. Williamson, 34 Kan., 212; Gage v. Davis, 129 Ill., 236; Cable v. Coates, 36 Kan., 191.) The defective execution of a statutory power cannot be corrected or amended, and equity cannot supply defects in a tax title. (Burroughs on Taxation, 366; Black on Tax Titles, Sec. 211; 25 Ency. Law, 683, 681, 682.) Hence, the deed is void and not voidable. Courts may correct many recitals in ordinary deeds by evidence *aliunde*, but cannot correct or supply recitals in tax deeds. (Cartwright v. McFadden, 24 Kan., 662; Grimm v. O'Connell, 54 Cal., 522; Hubbell v.

Campbell, 56 Cal., 527; Duff v. Neilsen, 90 Mo., 93; Eustis v. Henrietta, 91 Tex.)

Though ordinarily the date of a deed may be immaterial and need not be inserted, it is particularly important in the case of a tax deed, for the purpose of showing the time of the exercise of the statutory power. The pleadings, moreover, by the admissions contained in the reply, show that the plaintiff did apply for and obtain a tax deed on September 14, 1901; and it is submitted that the deed could not have been obtained at that time unless delivered. A deed is presumed to have been delivered at its date.

The judgment of the trial court was correct and should be sustained for the further reason that the notice served by the plaintiff was insufficient, having stated that the deed would be applied for, and that the redemption period would expire before the time allowed by statute. The deed could only be issued in pursuance of the notice, a copy of which notice is attached as an exhibit to the separate answer of the defendant Whitehead; and all matters pertaining to its sufficiency are properly before, and should be considered by, this court. The statutory provision for notice is mandatory and must be rigidly complied with by a tax purchaser. (R. S. 1899, Sec. 1895; Black on Tax Titles, Sec. 180; Cooley on Taxation, 483; Burroughs on Taxation, 314, 315; 25 Ency. Law, 427.) The notice was insufficient. (Potts v. Cooley, 51 Wis., 353; Simonton v. Hays, 36 Hun, 386; Kenaston v. Ry. Co., 59 Minn., 35; Mather v. Curley, 77 N. W., 957; Clary v. O'Shea, 75 id., 115; State v. Halden, 64 id., 568; Gage v. Bailey, 100 Ill., 530; Wilson v. McKenna, 52 id., 43; State v. Nord, 75 N. W., 760; Wisner v. Chamberlain, 117 Ill., 568; Bennefield v. Albert, 132 id., 132; Reed v. Lyon, 96 Cal., 501; Clason v. Baldwin, 152 N. Y., 204; Willis v. Gehlert, 34 Hun, 566; Bensel v. Gray, 80 N. Y., 517.) The time for redemption having been incorrectly stated in the notice, it did not comply with the statute requiring a statement of the time when "the redemption will expire," or the time when "application will be

made."    (R. R. Co. v. McCartney, 38 Pac., 448; Peterson
v. Mast, 63 N. W., 168; Kipp v. Fitch, 75 id., 752; English
v. Williamson, 34 Kan., 212; Hill v. Timmermeyer, 36 id.,
252.)

The pleadings constitute part of the record, and errors
shown by them may be considered by this court.   (Dobson
v. Owens, 5 Wyo., 85; Bank v. Anderson, 6 Wyo., 441;
Glendening v. Guise, 8 Wyo., 91.)   If the case in the trial
court had progressed far enough the plaintiff would have
been compelled to introduce the notice in evidence to sup-
port his title; and such notice being palpably insufficient, a
new trial could only result in a judgment for the defendants.
It is the universal rule that a judgment will not be reversed
unless there is prejudicial error, and there cannot be such
error where the trial court arrived at the correct result, no
matter how incorrect the reasoning upon which it was based.
(Bank v. Luman, 6 Wyo., 123; Elliott's App. Proc., Sec.
584; Spelling New Tr. & App. Proc., Sec. 693.)   The suf-
ficiency of the notice is, therefore, unquestionably before
this court for consideration.

Under the facts of this case, it is immaterial whether there
was a proper tender or not, since the owner is under no
legal obligation to tender the taxes in order to set aside a
void deed or an illegal sale.   We think, however, that the
pleadings and the facts show that defendant Whitehead did
appear and tender the money to redeem on the morning of
September 16, 1901, and that the County Treasurer refused
to receive the money on the ground that the tender came too
late.   A tender or offer made in a pleading in equity is
always sufficient.   A stronger case of equitable tender could
hardly be made than is shown by the circumstances of this
case.

*W. R. Stoll,* for plaintiff in error, in reply.

The tender alleged to have been made by defendant
Whitehead to the treasurer is not admitted by plaintiff's
reply.   The allegation as to the tender or its equivalent was

stricken from the separate answer of Whitehead on motion
of plaintiff, and the allegation to that effect in the answer
of defendant Wilson is explicitly denied.   No evidence was
introduced upon the subject of tender, and hence whatever
allegation was made was not established.   Plaintiff, by his
reply, did not admit that he obtained a deed September 14,
1901, but alleged that he applied for a tax deed on that
date, and that thereafter, on September 21, the treasurer
made, executed and delivered to him such deed.   The ques-
tion of the notice did not come before the trial court, was
not considered by such court, and is not before this court
in this proceeding.   No ruling was made in reference to the
notice, and hence there is no exception before this court
upon that question.   An exhibit attached to a petition is not
a part thereof and cannot be referred to to determine the
case or supply allegations omitted therefrom, and the same
is equally true of an answer.   (Ins. Co. v. Kahn, 4 Wyo.,
364.)   The so-called notice is not a document required to
be attached to a pleading and has no place as an exhibit.
(R. S., Sec. 3559.)   The fact might have been established
on the trial had the cause gone that far, that the notice at-
tached to the answer was not a true copy of the one upon
which plaintiff relied; and even if plaintiff's alleged admis-
sion as to the notice was binding upon him, upon it being
made to appear that the notice attached to the answer was
an incorrect copy, the court might have authorized the
amendment of plaintiff's reply to conform to the facts.   (R.
S., Sec. 3588.)   The court never having passed upon the
notice, and whatever notice may have been served not being
in the record, the question of its sufficiency is not before
the court.

D. W. Elliott, for defendants in error, on petition for re-
hearing, urged substantially the same points presented in his
original brief and argued that the tax deed, though deliv-
ered on the date when it was recorded and supposed to have
been acknowledged, it would nevertheless take effect on the
earliest date when it could have been regularly issued, and

that, therefore, it differs from ordinary deeds between individuals with respect to the rule that a deed takes effect from its delivery, citing 2 Desty on Taxation, 912; Donahue v. Veal, 19 Mo., 331; Ferguson v. Miles, 8 Ill., 358; La Rue v. King, 74 Ia., 288; R. R. Co. v. Parks, 32 Ark., 131; Francis v. Griffin, 33 N. W., 345; and, referring to the pro- vision of the statute limiting the time for the commencement of actions to recover real property sold for taxes, which requires the same to be brought within a certain period from the date of sale, contended that under such statute the time begins to run from the date of expiration of the period of redemption, whether the deed be issued at that time or not. Counsel argued that as a tax deed takes effect at the end of the time allowed for redemption the ordinary doctrine as to delivery cannot be applied to such a deed. Counsel further contended that delivery is not a part of the execution of a deed and that a tax deed may be fully executed although never delivered.

CORN, CHIEF JUSTICE.

Plaintiff in error brought this suit to enjoin the foreclosure of a mortgage and the sale of certain real estate described therein. It appears that defendant in error, Whitehead, prior to September 15, 1898, was the owner of the property, being the patentee from the government. On that date plaintiff in error purchased the land at a sale for delinquent taxes, and he claims title by virtue of a tax deed issued to him by the County Treasurer. On February 13, 1901, Whitehead gave the mortgage in question to the defendant in error, Elizabeth Wilson, to secure the payment of the sum of three hundred dollars.

By the statute, real property sold for taxes may be redeemed at any time before the expiration of three years from and after the date of the sale. And the statute further provides that immediately after the expiration of three years from the date of the sale of any lands for taxes, which have not been redeemed, the treasurer then in office shall make

out a deed for the land sold and deliver the same to the purchaser. On the trial, plaintiff offered in evidence his tax deed dated September 14, 1901, and, upon objection to its admission, the court excluded it upon the ground that it was void because prematurely issued. Counsel for plaintiff offered to prove the various steps taken by the taxing officers and the plaintiff preliminary to the execution of the deed, and, further, to prove that the deed in question was acknowledged and delivered to the plaintiff on September 21, 1901, and that there was no delivery of the instrument up to that time. This evidence was objected to by the defendant as immaterial, incompetent, improper and irrelevant, and the objection was sustained. The defendant then made a tender of the amount shown to be necessary to redeem the land from the sale for taxes and the court gave judgment decreeing plaintiff's deed to be void and dismissing his suit.

Plaintiff in error relies upon two of his assignments of error; that the court erred, first, in excluding his tax deed, and, second, in refusing to permit him to make the offered proof.

It is apparent that the sale having been made upon September 15, 1898, the three years for redemption would regularly expire upon September 15, 1901. But the latter date came on Sunday and by our statute is excluded in the computation. The last day for redemption was, therefore, September 16, and a deed executed and delivered to plaintiff prior to September 17 was premature, without authority of law and void. Counsel for defendant in error contends, and the court seems to have held, that the date of September 14, written in the deed, is conclusive proof that it was prematurely executed and is, therefore, void. We are unable to concur in this view of counsel, and we are not cited to any authorities which sustain it.

In defining the word "execute," Anderson's Law Dictionary says that, referring to a conveyance or other document, it may mean, as in popular speech, to sign, or to sign and deliver; but in strict legal understanding, when said

of a deed, or bond, always means to sign, seal *and* deliver. And we are of the opinion that the mere fact that the date written in the deed was prior to the expiration òf the time for redemption is not in itself conclusive proof that it was prematurely executed, and that it does not make the deed necessarily void upon its face.

A deed takes effect from the time of its delivery. (9 Ency. Law (2d Ed.), 152; 1 Devlin on Deeds, 264.) And the date is no part of the substance of a deed and not necessary to be inserted. The real date of a deed is the time of its delivery. (Jackson v. Schoonmaker, 2 Johns., 229; McMichael v. Carlyle, 53 Wis., 504.)

In the absence of any proof, or offer to prove, the time of delivery, it might be necessary to resort to such presumptions as might arise from the date inserted in the instrument, the date of the acknowledgment or registration or otherwise. But in this case the plaintiff offered to prove that the deed was acknowledged and delivered to the plaintiff on thè 21st of September, and that there was no delivery prior to that time. So that there was no necessity for resorting to presumptions, as it is always competent to show when the instrument was delivered and that the date inserted was not the true date of its delivery. In McMichael v. Carlyle, *supra,* the court say: "Prof. Washburn, in his work on real property, says: 'There is usually a date inserted in the deed, as indicating the time when the same was executed and delivered, and the law presumes that the deed was executed on that day; and this is so even if the date do not agree with the date of acknowledgment, for that may have been made after the delivery of the deed. In indentures this is commonly at the beginning of the instrument; but in single deeds or deeds poll it is generally inserted at the close. But though a presumption would arise that the deed was delivered and took effect on the day of the date, if there was nothing offered in evidence to control this, it is always competent to show that the date inserted was not the true date of its delivery. Besides, it is immaterial whether a deed

has any date or not; nor would it be affected though the date was an impossible one, like the 30th of February. Dates have, however, been in general use since Edward II and Edward III.' (3 Washb. Real Prop. (4th Ed.), Sec. 19, p. 577.) In his notes the learned author cites a great many authorities, all of which I have examined, and find that they·support the doctrine laid down in the text. These authorities show beyond all question that a date is not essential to a deed; that it is not necessary one should be inserted in order to ·make the instrument valid. 'The real date of a deed is the time of its delivery.' Kent, C. J., in Jackson v. Schoonmaker, 2 Johns., 234." (53 Wis., 506.) And the Wisconsin court use the language just quoted in considering the necessity for a date in a tax deed.

In 3 Devlin on Deeds, Sec. 1409, the author, in discussing tax deeds, says: "The real date of the deed is the time at which it is delivered." And Blackwell on Tax Titles, p. 370, says: "The date of the deed may be proved by parol, and in the absence of evidence, it will be presumed to have been made at the proper time. This is in accordance with the general rule: the date is regarded as non-essential, the deed taking effect from its delivery, and when the date becomes material, in the course of litigation, an omission may be supplied, or the deed contradicted where a wrong date is given, by extrinsic eivdence." And, so far as we have been able to ascertain, the authorities are entirely uniform on these propositions that the insertion of a date in a deed is non-essential, that the true date is the time of delivery, and that it is always competent to show the time when it was in fact delivered. If, as a matter of fact, therefore, the deed in this case was delivered on September 21, it was not prematurely executed and was not void for that reason, and the court erred in excluding it and in excluding the evidence of the time when it was actually delivered.

Counsel for defendant in error dwells upon the principle that the treasurer was not authorized to exercise the power conferred upon him by law to make the deed until after the

expiration of the time for redemption, and contends that this is the controlling principle in the case.  It is scarcely necessary to say that the principle is fully recognized as of universal application, not only that any attempt to exercise such power prior to the expiration of the time for redemption is ineffectual, but that the power does not arise, is not created, until such time has expired.  But we simply hold in this case that, as offered to be proved by plaintiff in error, there was no exercise, or attempted exercise, of the power until September 21, several days after the expiration of the time for redemption.  The drawing of the instrument was a mere clerical act which might be performed by any scrivener.  The signing and sealing of the deed was likewise the mere clerical work of the treasurer and, no matter how complete his power, could not affect the title in any way until its delivery.  As long as it remained in his possession, undelivered, he could do with the paper as he pleased, make alterations or corrections, destroy it for the purpose of drawing another one more in accord with his ideas of the correct form or the like.  In a word, there was no exercise of the power until he delivered the deed.

But defendant in error, Whitehead, in his answer, alleged that, on the 12th day of June, 1901, the plaintiff in error served upon him a notice that the land had been purchased by plaintiff in error at tax sale, on September 15, 1898, and that the time for redemption would expire on September 15, 1901, at which time he would apply for a tax deed. And the answer avers that the tax deed is void for the reason, among others, that the notice did not correctly state the time when the right of redemption expired as required by the statute.  The notice is attached to the answer and marked "Exhibit A."  The service of this notice as described is admitted by plaintiff in his reply, but he also avers that · he fully complied with the requirements of the statutes with relation to the matter of obtaining the deed in question. Under our practice, the original papers are brought into this court and the notice in question is before us attached

to the answer of defendant Whitehead. And counsel for defendants in error contends that, conceding that the court erred in excluding the deed and the evidence in support of it, yet the judgment should be affirmed for the reason that the notice is clearly insufficient under the statute and the deed, therefore, void; that the judgment is right and ought to be affirmed.

As this court ought not to send a case back for retrial on account of errors which do not affect any substantial rights of the plaintiff in error, if it be conceded that the notice was insufficient to support the tax deed in question, the point made by the counsel presents some apparent difficulty. But when the condition of this record is considered, it is apparent that the proposition urged by counsel does not come within the principle relied upon; which is that, if upon the whole record it appears that the decision of the District Court was right and that, upon another trial, no other judgment could legally be rendered, this court will not reverse, although there was error upon the trial. For it is perfectly clear from the bill of exceptions that the question of the sufficiency of this notice, or of any notice, necessary under the statute as preliminary to the application for a tax deed, was never presented to, or passed upon by, the trial court. Upon the contrary, the court refused to hear evidence of it, or of any notice, and rejected such evidence upon the ground that the tax deed was void on its face. Moreover, as has been frequently held by this court, an exhibit attached to a pleading as this is, is not a part of the pleading. It was not offered in evidence, is not incorporated into the bill of exceptions and is, in no sense, a part of the record so as to be considered by this court, which must, of necessity, decide questions only upon the record. Indeed, while the giving of this particular notice is admitted by plaintiff in his reply, this court has no assurance that it was the only one given or the one relied on by plaintiff. For, while admitting the giving of this notice in his reply, he afterwards avers that he has fully complied with the requirements of the statutes

in the matter.   What we are asked to do, therefore, is in substance to go outside of the record and inspect this paper and, if it appears upon its face that it is insufficient, to declare the tax deed void and affirm the judgment, although the paper was not in evidence before the lower court and although that court refused to receive evidence that the necessary statutory notice was in fact given.   However willing this court may be that there should be an end of litigation, it has no jurisdiction or authority to dispose of cases in this summary way.

A good deal is said in the briefs of counsel in regard to a tender of the taxes to the officer on September 16, 1901, alleged in the separate answer of Whitehead to have been made by him in an attempt to redeem the land.   Whitehead avers that the treasurer refused to accept the tender, upon the ground that it was too late and that the plaintiff had already received a tax deed.   It would seem that if this tender was made as alleged that any tax deed issued thereafter would be unauthorized and void.   But the tender was denied by plaintiff in his reply and no evidence was offered in support of the allegation of tender on the trial.   We suppose, therefore, the matter is not before this court for its consideration.

Defendants in error further urge that plaintiff in error in its reply admits that the tax deed in question was delivered to him on the 14th day of September, 1901, and is precluded from introducing evidence contradicting such admission.   The language relied upon is as follows: "Plaintiff admits the allegations therein contained to the effect that on the 14th day of September, A. D. 1901, prior to the issuing of the said injunction and subsequent to the recording of said mortgage deed, he did apply for and obtain from the County Treasurer of the County of Laramie, in the State of Wyoming, a treasurer's deed or tax deed to the said real estate: and that at the time of his application for said tax deed the defendant Wilson's mortgage was of record in the office of the County Clerk of Laramie County."

This language is without doubt susceptible of the construction insisted upon by counsel, and, standing alone, the court might feel bound to so construe it, as it is not easy to comprehend how plaintiff in error could "obtain" the deed unless it was delivered to him on that day. But, in a subsequent part of the same pleading, the plaintiff alleged: "That on the 14th of September, 1901, as provided by law, he applied for a tax deed or treasurer's deed for the said land, the 15th of said month falling on Sunday; and that thereafter and on September 21, 1901, the treasurer of said County of Laramie did make, execute and deliver to him said tax or treasurer's deed, which he thereupon and on said 21st day of September, 1901, did duly file for record." And the two statements must be construed together and with reference to the allegations of the answer to which they are a reply. Construing them in this way, it is evident that, in the first statement, the pleader had special reference to the averment of the answer that, at the time of his application for the tax deed, the defendant Wilson's mortgage was already of record and not to the date of the delivery of the deed. While, in the second statement, he alleges specifically the date of the delivery. Perhaps under the common law rule, that a pleading shall be construed most strongly against the pleader, a different conclusion might be reached. But that rule is abrogated by our statute which provides that the allegations of a pleading shall be liberally construed with a view to substantial justice between the parties. (Hall v. Paine, 14 O. St., 41; Crooks v. Finney, 39 O. St., 57.) And, taking the reply as a whole and construing all its parts together, in order to ascertain the intention, as we must do, we find nothing to indicate, in the face of the pleader's specific averment that the deed was delivered on September 21st, that it was his intention to allege or admit that it was delivered on September 14th.

On account of the errors pointed out, we are of the opinion that the judgment must be reversed and the cause remanded for a new trial.        *Reversed and remanded.*

POTTER, J., concurs.

ON PETITION FOR REHEARING.

Beard, Justice.

This case was decided December 31, 1904 (79 Pac., 19), and a petition for rehearing has been filed. No new points have been presented in the brief of counsel for defendants in error, but it is argued at length that the tax deed shows upon its face that it was prematurely issued and is, therefore, void. Counsel contends that both the date in the deed and the recitals in the certificate of acknowledgment show that it was executed September 14. In this counsel is mistaken, as the certificate of acknowledgment is silent as to the date when the treasurer appeared and acknowledged the deed; the date of the certificate, September 21, being the only date therein contained.

It is also claimed by counsel that a tax deed takes effect from the date of the expiration of the period of redemption, no matter how long after that date it may have been executed and delivered, and, therefore, the date of delivery is not the date at which the deed becomes effective. The point decided was that the deed did not become effective as a conveyance, that is, it was incomplete and vested no title in the grantee until delivered, and that the actual date of delivery may be shown by other evidence than the deed itself; but at what date the title so conveyed takes effect, whether at the date of delivery, the expiration of the period of redemption or the date of sale, is not in issue and is immaterial so far as the questions involved in this action are concerned. As to the question of notice, we are satisfied with what was said by Corn, C. J., in the opinion, that being a matter that was not passed upon by the District Court.

We are satisfied with the conclusions reached and as announced in the former opinion, and a rehearing will be denied.                                    *Rehearing denied.*

Potter, J., concurs.