HENRY SCHWINDT, SR., v. LOUIS SCHWINDT.

No. 11,455. (59 Pac. 647.)

1. TITLE AND OWNERSHIP—*Parol Gift of Real Estate.* Satisfactory proof that a father donated, in parol, a tract of land to his son when he became of age, as he had done with the other children, that the son accepted the gift and took and held possession of the land for years, that he made lasting and expensive improvements thereon, and otherwise changed his condition on the faith of the gift, is sufficient to take the case out of the operation of the statute of frauds, and to warrant a judgment giving to the son complete title to the land.

2. —————— *Father to Child.* Less positive and unequivocal proof is required to establish the delivery of a gift from father to child than between persons not so related.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed January 6, 1900. Affirmed.

*Buck & Spencer*, and *H. D. Dickson*, for plaintiff in error.

*E. W. Cunningham*, and *Madden Bros.*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Henry Schwindt, sr., who had a number of children, and formerly lived in Doniphan county, removed to Lyon county in order to obtain more land, so that his sons could be located on farms near to him and close to one another. His plan was to give each of the boys a place soon after they reached majority, and there was a further understanding in the family that if the boys remained at home one year after becoming of age the father would also give each son a span of horses, a harness, and a wagon. In the early part of 1891, Louis Schwindt, who had reached majority, was told by his father that he would give him a farm of his own, and that he might have the choice of two places which were named. Louis chose one consisting of a tract of 320 acres of unbroken land, upon which there were no improvements, except some fencing. He worked for his father during the year 1891, except that he went upon the place given him and broke, or plowed, thirty-five acres. The next year he broke more of the land, and cut and sold the hay which grew thereon, and subsequently he controlled, improved and used the land substantially as though it were his own. In 1894 Louis erected a dwelling-house, a stable, a corn-crib, a corral, dug a well, planted an orchard, and

made other improvements on the land given him. Until the house was built, which cost about $900, Louis lived with his father at home, and did some work on the home place. His father paid the taxes on the land given to Louis up to and including the year 1894, and also paid out a little money on the house, but Louis claims that it was done with his money then held by his father.

No formal conveyance of the land to Louis was ever executed by the father, and when Henry Schwindt, sr., was divorced from his wife in 1895, the court, in decreeing a division of the property, awarded one-half of the land claimed by Louis to his mother, and the remaining half to his father. Louis knew of the dicision at that time, but made no objection to it, and soon afterward his mother executed a deed transferring to him the quarter-section of land set off to her. In the domestic difficulty between his father and mother, he took the mother's side, and assisted her throughout the divorce proceedings. His conduct in this respect displeased his father, who, in December, 1896, notified him to vacate the land. In this and other notices which were given, one as late as November, 1897, Henry Schwindt, sr., assumed that Louis was a tenant only, but as the latter ignored the notices, Henry brought this action to recover the land.

Louis claimed, and offered testimony to show, that the land was given to him outright by his father; that in pursuance of the gift, and with the knowledge of his father, he took possession of the land and made lasting and valuable improvements thereon.

It is conceded that the legal title to the land is still in the father, and his claim is that the use of the land only was given to Louis, and that if everything turned out right he intended ultimately to give him the land.

He stated that if Louis had treated him right he would have given him the land, but believing that Louis had mistreated him he concluded to retain the land. On the trial, the jury found that the plaintiff gave the land to the defendant, and intended that it should be his; that the defendant, because of the gift, and with the full knowledge and consent of the plaintiff, took possession of the land in 1891, and has been in the sole and exclusive possession of the same since that time; and that the defendant, relying upon the gift, with the full knowledge and consent of the plaintiff, made valuable and lasting improvements on the land.

It is earnestly contended that the findings and judgment were unsupported by the testimony; that it only showed a gift of the use of the land, and an intention at some future time to give the land; that the title should not be transferred by a mere expression of intention, even if possession is taken and improvements made; and that the statute of frauds prevents such a gift as was made in this case from operating as a transfer of title. There was abundant evidence to support the findings and the judgment based thereon. Several persons who were present when the alleged gift was made united in testifying that it was the land, and not the use of the same, that was given. Afterward, the plaintiff frequently admitted to others that the land had been given to Louis, and spoke of it as Louis's land. The improvements made by Louis were of a permanent and expensive character, and the consent and conduct of the plaintiff with respect to possession and improvements argue strongly that he thought the land belonged to Louis. It is true that much of the testimony was contradicted by that of the plaintiff, and that some of the circumstances brought out support the contention of the plaintiff; but this conflict has been settled in the trial court.

Even if the question of fact were open to inquiry here, we would incline to the opinion that the preponderance of the testimony was with the defendant. The defendant's testimony, which we must accept, showed clearly enough that a gift was made and accepted; that possession was taken and held for years, and lasting improvements made on the faith of the gift, and it was clearly sufficient to take the case out of the operation of the statute of frauds. To make such gifts to his children was the declared purpose and plan of the plaintiff, and it is held that less positive and unequivocal proof is required to establish the delivery of a gift from father to child than as between persons not so related. (*Love v. Francis*, 63 Mich. 181, 29 N. W. 843.) The case at bar is quite similar in its facts to *Flanigan v. Waters*, 57 Kan. 18, 45 Pac. 56, in which it was held that "equity protects and enforces a parol gift equally with a parol contract for the sale of land where possession is taken in pursuance of the gift, improvements made, and the donee changes his situation and condition upon the faith of the gift." See, also, *Galbraith v. Galbraith*, 5 Kan. 402; *Hubbard v. Hubbard*, 140 Mo. 300, 41 S. W. 749.

We find no prejudicial error in the rulings upon the admission of testimony. Proof of statements made by plaintiff that he moved to Lyon county so that he could obtain more land and give each of the boys a tract and locate them near to him throws light on his subsequent acts, tends to show a gift, and was admissible. He was not allowed to answer the question, "Did you ever at any time make him a gift of the land?" because it was a conclusion, but the question was answered at other times, when he both directly and indirectly stated that no such gift was made. Other exceptions to the testimony are made which are not deemed to be material, and we think the charge of

the court, although criticized, fairly presented the case to the jury and correctly stated the law applicable to the facts of the case.

We do not regard the special findings as inconsistent with one another or the general verdict, and perceive no grounds for reversal. The judgment of the district court will be affirmed.