RICHARD F. GILMORE v. JOHN ASBURY.

No. 12,295. (67 Pac. 864.)

SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP — *Oral Contract — Statute of Frauds — Forcible Detainer.* G., the owner of a tract of unimproved real estate, made a proposition to A., his son-in-law, to remove his family a great distance and make his home upon the land, to superintend the erection of a house thereon, make improvements, and pay the taxes, until the minor son of A., the grandson of G., then about three years of age, should arrive at his majority, when G. would convey the land to his grandson. A. accepted the proposition, removed his family to the land, made valuable and lasting improvements thereon, paid the taxes for a period of about fourteen years, with the full knowledge, consent and approval of G., when G. conveyed the land to his son, who commenced an action of forcible detainer to recover the possession from A. *Held,* (1) That by performance such parol agreement is removed from the operation of the statute of frauds; (2) that the summary action of forcible detainer by G.'s grantee against A. will not lie; (3) that A. acquired such equitable rights in the land and to possession as may not be determined and cut off except in some more appropriate form of action, where the rights of all parties may be fully investigated and determined.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed February 8, 1902. Affirmed.

STATEMENT.

IN the year 1884, Dr. John Gilmore, a wealthy widower, father of plaintiff in error, father-in-law of defendant in error, and grandfather of George Asbury,

son of defendant in error, a resident of Indiana, owned a section of raw prairie land in Reno county, unimproved except some fencing thereon. At this time the first wife of defendant in error was deceased. He had remarried and, with his second wife and child, George Asbury, then about three years of age, resided in Brown county, this state. The relations between Doctor Gilmore and the family of his son-in-law were of a very cordial and intimate nature. During the course of a visit made by Doctor Gilmore to the family of John Asbury, he imparted the information that the purchase of this section of land in Reno county was for the benefit of his grandson, George Asbury; that he intended to hold the legal title to the property in himself until his grandson, George Asbury, arrived at his majority, and then to convey the same to him; also, that it was his purpose to build a house on the land. He made a proposition to John Asbury that he, with his family, should move upon this land, superintend the erection of the house thereon, pay the taxes, improve the land according to his means, making it his home until the son should arrive at majority, without charge, and at such time he would convey the property to George Asbury. The proposition was accepted, and in compliance therewith John Asbury, with his wife and minor child, in the year 1885, moved upon the premises, broke out and put in cultivation about 200 acres, built fences, planted and grew an orchard, paid taxes, drilled a well, built corn-cribs, made other improvements thereon, and continuously made the same their home until the year 1898. During all this time the relations between Doctor Gilmore and the family of Asbury continued intimate. Frequent and lengthy visits were made by the doctor to the home of Asbury,

and many times he stated his purpose with reference
to the land in controversy.  However, in June, 1898,
after returning to his home from a visit of about a
year's duration with the family of John Asbury, he
conveyed the property to his son, Richard F. Gilmore,
who at once served on Asbury notice to vacate, and
that suit would be brought for possession unless such
notice should be complied with.  Possession not being
given, this action was brought.  The facts, substan-
tially as above stated, were set forth in the answer,
duly verified, to the complaint filed before the justice.
The trial in justice's court, and, upon appeal, in the
district court, resulted in a verdict of not guilty.
Plaintiff brings error.

*Craig & Williams*, for plaintiff in error.
*H. Whiteside*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. :  The question presented for our de-
termination is the legal effect of the oral agreement
between the parties, under which possession was taken
improvements made, and taxes paid, by John Asbury
for a period of about fourteen years.  On the one hand,
it is contended that this agreement contravenes the
provisions of the statute of frauds and perjuries, and
as a consequence is void ; that defendants are, there-
fore, merely tenants at will and subject to evic-
tion by the grantee of Doctor Gilmore, plaintiff in
this action.  On the other hand, it is contended that
the acceptance of the proposition made by Doctor
Gilmore, the taking possession of the premises,
the making of valuable and lasting improve-
ments upon the property, the payment of taxes
thereon, etc., for the period of about fourteen years,

25—64 KAN.

with the full knowledge, consent and approval of Doctor Gilmore, vest in defendant the right of possession until the minor son shall arrive at his majority, as provided by the terms of the oral contract, and create in defendant such an equitable interest in the property and right of possession for the benefit of the son as to take the oral promise, by performance, from the operation of the statute of frauds, and that this equitable interest in the land cannot be determined or defeated in this action of forcible detainer.

We are inclined to agree with the latter contention, and for two reasons : First, while it is not urged upon us by counsel, yet we are at a loss to understand how this action can be maintained, in any event, in the face of the undisputed facts found in the record. The statute of limitations pertaining to actions of forcible entry and detainer is two years. In the case at bar the possession of defendant was continuous for a period of almost fourteen years. This court, in *Alderman v. Boeken*, 25 Kan. 658, held :

"Where a person has been in the actual and visible possession of real estate for over two years under equitable color of title, no action of forcible detainer can be maintained against him : First, because of such possession for over two years ; and, second, because he holds the possession with color of title."

Again, we are of the opinion, even should it be held that the statute of limitations is not pleaded but waived, that the equities arising out of the entire transaction, as gathered from the terms of the oral agreement, its acceptance, the possession taken under such agreement, the character and extent of the improvements made, the long duration of possession so taken, the payment of taxes on the property, all with the consent, approval and acquiescence of the holder

of the legal title, and the declarations of the holder of the title as to his purpose with regard to the property, created in the defendant such an interest in the property itself and right of possession that the ultimate rights of the parties must be determined in some more appropriate form of action, in which the judgment or decree entered will be final and conclusive upon the rights of all parties in interest, and in which action the rights of all parties in interest may be fully investigated and determined.

In the case of *Schwindt v. Schwindt*, 61 Kan. 377, 59 Pac. 647, this court held:

"Satisfactory proof that a father donated, in parol, a tract of land to his son when he became of age, as he had done with the other children, that the son accepted the gift and took and held possession of the land for years, that he made lasting and expensive improvements thereon and otherwise changed his condition on the faith of the gift, is sufficient to take the case out of the operation of the statute of frauds and to warrant a judgment giving to the son complete title to the land."

In the case of *Alderman v. Boeken*, supra, it was said:

"Actions of forcible entry and detainer, or forcible detainer, are not to be encouraged against persons who have long been in possession of real estate, supposing that they had some kind of interest therein, and who have made improvements thereon, whatever the rights or interest of such persons may be."

Considering the close relationship and friendly relations existing between Doctor Gilmore and the family of Asbury for many years, the acts and conduct of all parties, the declarations made by Doctor Gilmore, the owner of the legal title, as to his intentions in regard to the land, the extent and lasting character of the improvements made on the property by the Asbury

family with the consent and approval of Doctor Gilmore, and all the other facts and circumstances shown in the record bearing upon the transaction which go to make up the equities of the case, we are convinced that the defendant has an equitable interest and right of possession in the premises, and that the extent of this equitable interest cannot be determined or cut off in this summary proceeding; that the parol contract made, followed by possession and lasting improvements, as shown in this case, is not within the operation of the statute of frauds; that the relation of landlord and tenant does not exist between the parties to this action.

The extent of this equitable interest is not before us and is not proper subject-matter for our determination in this action or in the absence of the parties claiming thereby. In this view of the case it becomes unnecessary to notice separately the assignments of error, as all relate to the ultimate contention here determined adversely to plaintiff in error.

Perceiving no error in the record, the judgment is affirmed.

DOSTER, C.J., SMITH, J., concurring.