## Hattie James v. Jane Manning.

No. 15,938.   (101 Pac. 628.)

### SYLLABUS BY THE COURT.

1. STATUTE OF FRAUDS—*Assignment of Interest in Real Estate—Signature—Executed Contract.* The holder of four certificates of sale of school-land attempted to transfer his rights thereunder to his wife. They occupied the land as a homestead. A written assignment in proper form was indorsed upon each certificate and an acknowledgment to the signature of the assignor duly attached. The assignor failed to subscribe his name on one of the assignments, but all were duly acknowledged before the same officer. The certificates thus indorsed were all delivered to the assignee, and afterward treated by the parties as a complete, final and satisfactory transaction. The assignee paid twelve dollars in consideration of the assignments. Both parties continued to occupy the land as a homestead. Eight months afterward the husband died. More than three years afterward his daughter commenced an action to recover one-half of her father's interest in the land covered by the certificate which he omitted to sign, claiming that the want of his signature made the assignment void under the statute of frauds. *Held,* that as the transaction was completed, and had been acquiesced in by the parties, the statute of frauds did not apply.

2. COMPROMISE TAX DEED—*Issuance before Expiration of Redemption Period.* Under section 7672 of the General Statutes of 1901 a tax-sale certificate was assigned on the 18th day of March. A deed was issued to the holder of the certificate on

the 18th day of September following. *Held,* that the deed was issued before the expiration of six months after the date of the tax-sale certificate, as provided by such section, and is therefore void.

Error from Wichita district court; CHARLES E. LOB-DELL, judge. Opinion filed April 10, 1909. Affirmed.

*W. M. Glenn,* for plaintiff in error.

*D. A. Banta,* and *Clyde Allphin,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This is a suit for partition. Martin S. Manning resided in Wichita county. He died August 15, 1902, leaving as his only surviving heirs at law Jane Manning, his widow, and Hattie James, his daughter by a former marriage.

Prior to his death he was in possession of a quarter-section of land which he had purchased from the state as school-land, and held certificates therefor which had been but partially paid. He had been in default several years. Prior to his death Manning attempted to assign these certificates, four in number, to his wife. Three of them were properly executed, and are conceded to be sufficient to transfer his interest to the assignee. The other one, covering forty acres of the land, is claimed to be invalid and ineffectual to transfer the interest of the assignor. The assignment was written upon the back of the certificate, and reads:

"For and in consideration of the sum of twelve dollars, I hereby assign the within certificate, together with all my right, title, and interest in and to the real estate therein described, to Jane Manning, of Wichita county.

"WITNESS my hand the 22d day of January, 1892.

——————————————————— [SEAL.]
——————————————————— [SEAL.]

"STATE OF KANSAS, COUNTY OF WICHITA, SS.

"Personally appeared before me, a county clerk in and for the county and state aforesaid, Martin S. Manning,

who is personally known to me to be the identical person whose name is affixed to the foregoing assignment, and duly acknowledged the execution of said instrument to be his voluntary act and deed.

"WITNESS my hand and seal this 22d day of January, 1892.                              H. T. TROVILLO,
     [SEAL.]                              *County Clerk.*"

If this assignment is insufficient, the interest of the assignor now belongs to his estate. These assignments were all made at the same time, and constituted a single transaction. The certificates thus indorsed were all delivered to Mrs. Manning with the intent to effectuate thereby a complete and valid transfer of all the interest of Manning in and to the certificates to the assignee. Mrs. Manning paid as consideration for these assignments the sum of $12. The assignments were made January 22, 1902. Manning died August 15 of that year. This suit was commenced November 13, 1905. The school-land was the homestead of Manning and his wife during his lifetime, and of his widow afterward.

It is urged by the plaintiff that this assignment is void because made in violation of the statute of frauds. It appears that the assignment was fully completed by the delivery of the certificates to Mrs. Manning by her husband, and by giving her possession of the land as far as possible, considering the marriage relation and the homestead character of the land. This situation continued until Manning's death. In volume 29 of the American and English Encyclopædia of Law, at page 828, it is said:

"It is well settled that the statute of frauds applies only to executory contracts, and not to agreements which have been completely executed and performed on both sides. And if a contract is within the statute in one particular only, but as to that particular has been completely carried out by both parties, the statute does not apply."

A large number of cases supporting this proposition are collected in a note to this article. (See, also, *Newkirk v. Marshall*, 35 Kan. 77, 10 Pac. 571; *Harris v.*

*Harper,* 48 Kan. 418, 29 Pac. 697; *Gilmore v. Asbury,* 64 Kan. 383, 67 Pac. 864.)

During the remainder of Manning's life the transaction was considered complete and final by both parties. The plaintiff did not question the transfer by the commencement of this suit for more than three years after her father's death. The plaintiff has not returned or offered to return the money paid by Mrs. Manning in consideration of the assignment, but treats the transaction as void. The district court under these facts held the assignment valid, and we concur in its judgment.

In his lifetime Manning held a tax deed to another quarter-section of land. The widow, thinking the deed was void, compromised with the holder of the legal title, and surrendered the land upon payment of the tax lien. The plaintiff insists that the tax deed was valid, and the conveyance by the widow void, and therefore includes this land in her demand for partition. The tax deed was what is called a compromise tax deed, being issued under section 7672 of the General Statutes of 1901. In such section is the following provision:

"No deed shall be issued upon any certificate so assigned *until six months after* such assignment has been made."

The certificate was assigned March 18, and the deed was issued on September 18 following. Was the deed prematurely issued? Had the six months expired before the day upon which the deed was issued? It is the manifest intent of the statute to give the owner of land full six months after the assignment of the certificate in which to redeem before being finally cut off by the execution of a deed, and the language of the statute should be liberally construed with the view of preserving the owner's right in this respect. We think the statutory rule that the first day should be excluded and the last day included (Civ. Code, § 722), is applicable here. Under this rule the deed was issued before the

53—79 KAN.

expiration of six months after the assignment of the certificate, and is, for that reason, void.

It follows that none of the property in controversy belonged to the estate of Martin S. Manning except the tax lien, which was collected by the defendant. One-half of this belongs to the plaintiff, and this was awarded to her by the district court. This disposes of the case.

The judgment of the district court is affirmed.