# COURT OF APPEALS

OF THE

## STATE OF COLORADO

## April Term, 1913

[No. 3553.]

### PELTON v. MUNTZING.

1. EVIDENCE—*Competency.* The certificate of the county treasurer as to when a notice of a tax sale was published is not competent evidence of the date of such publication.

2. TAX TITLES—*Deed as Evidence.* A tax deed valid upon its face is, under Mills' Stat., sec. 3902 (Rev. Stat., sec. 5730), *prima facie* evidence that the sale was advertised according to law. Whoever asserts the contrary has the burden of proof.

3. —— *Sale—Advertisement—Evidence.* The affidavit of the publisher of the notice of a tax sale must state that the notice was published four weeks and give the date of the last publication. Though the first publication must be made at least four weeks before the day of sale, the publisher's affidavit need not contain any express statement as to this date. Conforming to the provision in the statute it is sufficient.

4. —— *Treasurer's Notice of Sale—Time of Posting.* In computing the time during which the notice of a tax sale is posted it is proper to include the first day, and exclude the last, or *vice versa.*

5. —— *Notice Posted on Sunday.* The treasurer's notice of a tax sale posted on Sunday takes effect, at least, upon the Monday following; and if four weeks then intervene, before the day of sale, and the notice remains continuously posted, it is sufficient. *Schwed v. Harwitz*, 23 Colo., 187, distinguished.

6. —— *Tax Sale Redeemed—Effect on Prior Sale.* A sale for taxes from which redemption is made by the purchaser at a prior sale is without effect to impair the right of such prior purchaser.

7. —— *Tax Deed Not in Evidence*, will not be considered.

8. —— *Delay in Applying for Tax Deed.* Under Rev. Stat., sec. 5726, the purchaser at a tax sale may apply for his deed at any time after the lapse of three years from the date of the sale, within the period of prescription.

9. QUIETING TITLE—*Decree.* A decree quieting title in defendant is not impaired by a clause dismissing plaintiff's action.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. ISAAC PELTON, appellant *pro se.*

Mr. EGBERT MORE, for appellee.

HURLBUT, J., delivered the opinion of the court.

December 30th, 1906, in the county court of Washington county, appellant, as plaintiff, instituted suit against appellee, defendant, to quiet title to land in said county. Plaintiff was successful and the case was appealed to the district court. The cause was tried in the district court and resulted in a decree for defendant. The decree recites that defendant was the sole and absolute owner of the land in controversy, by virtue of the tax deed of May 17th, 1906. At the trial said deed of May 17th was admitted in evidence without objection. Plaintiff in his complaint pleaded that defendant claimed to be the owner of the premises by virtue of said tax deed, but alleged the same was void and conveyed no title, for the reason

that there was not published in any newspaper a notice of the delinquent tax sale, nor any list of such delinquent taxes for the time and in the manner required by law; that no publisher's affidavit of printing notice and list was made and filed with the treasurer; that the treasurer did not make and deposit with the county clerk a sufficient affidavit showing the posting of notice of sale; and that no copies of a newspaper containing such list and notice were delivered by carriers or mail to the subscribers of such paper. The pleadings formed an issue upon these objections to the tax deed. By a careful reading of the record we are satisfied the trial court did not err in finding against plaintiff upon these issues, as sufficient proof is wanting. Section 3883, Mills' Annotated Statutes, provides that the treasurer shall give notice of contemplated sale of real property for delinquent taxes by publishing the same once a week, for not less than four weeks, in a newspaper of his county, and shall also post a printed or written notice in a conspicuous place on or near the outer door of his office, for not less than four weeks before the sale; section 3884, that the printer who published such notice shall transmit to the treasurer an affidavit of such publication; and section 3885, that the treasurer shall make or cause to be made an affidavit of the posting of such list and notice, at his office as aforesaid, and he shall deposit such affidavit, together with the said affidavit of the publisher, in the office of the county clerk of the county, to be there preserved. The record shows that the affidavit of the publisher, sworn to October 3rd, 1907, and the affidavit of the treasurer, sworn to September 12th, 1907, both in substantial conformity with the statute above mentioned, were filed with the county clerk and recorded on October 8th, 1907. Section 3883 reads in part as follows:

"The treasurer shall give notice of the sale of real property by the publication thereof once a week for not

less than four weeks in a newspaper in his county, * * * the first of which publications shall be at least four weeks before the day of sale."

The affidavit of the publisher does not purport to state the date of the first publication of the notice of sale, nor does the statute require it, but there appears in evidence a *certificate* of H. S. George, county treasurer, made December 3rd, 1891, which contains this clause:

"Said lands and lots were advertised in the Pioneer Press, a newspaper published in the town of Akron, Washington county, and state aforesaid. Said tax list appeared in the issue of the Pioneer Press on September 11, 18, 25, and October 2, 1891."

Counsel says that this conclusively shows the first publication of the notice of tax sale to have been on September 11th. It is not necessary to consider this contention. The certificate is not evidence. The statute did not require any such certificate from the treasurer. It is an extra-judicial statement on his part, and should be disregarded. The publisher's affidavit recites that the "notice and list were published in said newspaper once in each week for four successive weeks, the last of which publications was made prior to the 5th day of October, A. D. 1891." This averment is supported by the oath of the treasurer, as required by statute. Its absence from the affidavit would render the tax deed wholly void. At the trial, plaintiff's own witness, who had formerly been connected with the paper, would not testify that September 11th was the first day on which the list and notice of sale were published. We also observe that the affidavit of H. S. George, treasurer, filed with the clerk, stated that "On or before the 6th day of September, A. D. 1891," he posted "a true, full and complete *printed* notice of sale of lands in said county of Washington * * * in and for the year 1891 * * * in the office commonly

used as the office of treasurer of said county." If any presumption is permissible from these recitals, it would be that the first publication of the notice was on or before September 6th, otherwise no *printed* notice thereof would have been available for posting.

The tax deed confirming title in defendant having been admitted in evidence without objection, if valid on its face, under sec. 3902, Mills' Annotated Statutes, was *prima facie* evidence in all courts "that the property was advertised for sale in the manner and for the length of time required by law." As to whether or not the notice and list were advertised in the manner and for the time stated in the publisher's affidavit, and as required by law, was an issue before the court which was resolved in favor of defendant, and sufficient evidence appearing from the record to sustain such finding it will not be disturbed on appeal. Appellant says, however, that the evidence shows the first publication of the notice of tax sale did not occur four weeks before the day of sale as required by statute, and that the treasurer did not post the notice and tax list for not less than four weeks before the sale. As to these contentions, the affidavit of the publisher strictly conforms to the statute and closely follows the form of affidavit prescribed therein. The form does not require the affiant to state the date of the first publication of the notice and list. That part of the form material to notice, sec. 3883, ib., reads as follows:

"I, A— B—, publisher (or printer) of the ........, a ...... newspaper, printed and published in the county of ...., and state of Colorado, do hereby certify that the foregoing notice and list were published in said newspaper once in each week for .... successive weeks, the last of which publications was made prior to the .... day of ...., A. D. ...."

Although the form does not require a statement that

the first publication of the list and notice was at least four weeks before the days of sale, sec. 3883, ib., requires such publication to be so made. After the tax deed had been admitted in evidence without objection, being good on its face, defendant was entitled to the full benefit of the statutory *prima facie* presumption that "the property was advertised for sale in the manner and for the length of time required by law." This question was one of the issues and was decided in favor of defendant, and there is no evidence that we can find showing that the first publication was not made at least four weeks before sale.

It is also asserted that the evidence shows no sufficient affidavit of posting was made and filed with the treasurer, and that as a matter of fact no sufficient posting of the list and printed notice was made by him. The treasurer's affidavit of posting recites that "on or before the 6th day of September, A. D. 1891," he "posted a true, full and complete printed notice of sale," etc., and "that the said notice of sale and delinquent tax list remained so posted for four consecutive weeks next preceding the commencement of the sale," etc. Now if it be true, as asserted by appellant, that the 6th day of September was on Sunday, and no posting could be legally made on that day, then it should be excluded from the computation concerning the length of time the notice was posted. If the physical act of the treasurer in posting the notice on Sunday was of no validity, as contended for by counsel, then the 7th day of September should be taken as the first day of such posting. The affidavit shows that it remained posted that day and every day thereafter until the day of sale, October 5th. If we include the 7th of September and exclude the 5th of October, there remain twenty-eight full days, or four weeks of time before midnight of October 4th, at which time the day of sale began. If we exclude the 7th of Septem-

ber and include the 5th of October, the day of sale, we still are within the statute and the required four weeks notice had been given, as. held by the supreme court (*post*). For many years it has been a vexed question and much mooted in the courts as to what is the proper rule in determining the time necessary to constitute notice in cases of this kind. Our own supreme court, in *Stebbins v. Anthony,* 5 Colo., 348, and *In re Tyson,* 13 Colo., 482, 22 Pac., 810, 6 L. R. A., 472, has adopted the rule that in making the computation of time it is proper to include the first day and exclude the last, or exclude the first day and include the last.

Appellant's counsel further says that if the notice referred to by the treasurer in his affidavit was posted on Sunday it was without the least efficacy, and cites *Schwed v. Hartwitz,* 23 Colo., 187, 47 Pac., 295, 58 Am. St., 221. The question in that case arose as to whether or not a notice of tax sale published only in the Sunday edition of a daily paper was a sufficient publication to satisfy the statute. The court held it was not. No such situation arises here. The statute we are considering contemplates a single act of posting a notice by the treasurer in a certain place within a prescribed time, and imposes on him the further duty to see that it remains so posted until the day of sale. The purpose of the statute is to give the fullest publicity to the notice of tax sale and list of delinquent taxes. As appears from the affidavit, any citizen or taxpayer could have seen this notice posted at the treasurer's office on the 7th day of September and every day thereafter until the day of sale, and if four weeks intervened from the 7th day of September to the day of sale the statute was fully conformed to in that respect.

Appellant appears to have entirely overlooked the fact that the burden of proof was on him to establish the failure and omission of the revenue officers to follow the

statute in the proceedings which culminated in the tax deed in question. The tax deed was admitted in evidence without objection and was good on its face and not subject to attack on any grounds other than those pleaded by plaintiff as vitiating the same.

The only publication in evidence containing a description of the land in issue was a printed sheet which appellant's attorney designated as the "Akron Pioneer Press Supplement." It was admitted without objection. Not a scintilla of evidence, however, can be found in the record showing when it was published, or whether it was published separately or at the time and in connection with the regular edition. The record is silent as to whether it was published more than once or once a week for four successive weeks prior to date of sale, or whether or not the first publication thereof was at least four weeks before the day of sale. The affidavit of publication states that the notice and list were published in the "Akron Pioneer Press" once a week, etc. Not a word of testimony shows the contrary. Not a single copy of the "Akron Pioneer Press," published within four weeks of the sale, was offered in evidence. If such had been offered, an inspection of the same would have disclosed the presence of the notice and list in its columns, or their absence therefrom. In fact no evidence is discoverable from the record which sustains any of the averments of the complaint which challenge the validity of the tax deed by reason of failure to properly advertise the sale, or failure to make and file affidavits required by statute. Taken as a whole, plaintiff's evidence tends to support defendant's case. Mr. Pickett, plaintiff's chief witness, testified as follows:

"Q. What paper were you either the editor or publisher of at that time?

"A. Akron Pioneer Press.

"Q. Mr. Pickett, in the year 1891, how many times was the delinquent list published in the Akron Pioneer Press?

"A. My recollection is it was four times."

The record here shows that one Emerson was the purchaser of the property at the tax sale on October 5th, 1891, for the delinquent taxes of 1890. The certificate of purchase was issued that day, and some fifteen years afterwards, viz., May 15th, 1906, Emerson assigned said certificate to appellee, who secured the tax deed and recorded the same May 17th, 1906. It seems that subsequent to the date of sale the property was sold at two different times for delinquent taxes, but redemption was made in each case by appellant's predecessor. The land was also sold in 1895 for the delinquent taxes of 1894. Upon this sale a tax deed was afterwards issued to one Lindbeck. At the trial no effort was made whatever to put this deed in evidence as supporting title in Lindbeck, appellant's grantor. Appellant contends that under this state of the record the three subsequent sales for delinquent taxes extinguished Emerson's lien upon the property. There might be something in this contention if appellant were here relying upon the Lindbeck tax deed and had the same in evidence showing on its face a good title. Such, however, is not the case. The Lindbeck deed is not set out in the abstract, nor was it offered in evidence as a muniment of title. It is not entitled to any consideration as against appellee's title. The two other tax sales, having been redeemed from and not having ripened into deeds, in no way weaken appellee's title under his tax deed.

Appellant also asserts that appellee abandoned his right to procure the tax deed by reason of the long period of time intervening between the sale and execution of the deed. We are not referred to any statute or decision of

this state supporting his contention in that behalf. Section 5726, Revised Statutes, 1908, provides among other things that, ''At any time after the expiration of the term of three years from the date of the sale of any land, or interest in land, or improvements thereon, for taxes, under the provisions of this act, on demand of the purchaser * * * the treasurer then in office shall make out a deed for each such lot, parcel, interest or improvement, so sold and remaining unredeemed, and deliver the same to such purchaser or lawful holder of such certificate or order * * * .''

Under this provision of the statute the purchaser, or his assignee, is vested with the right to demand his deed any time after three years from sale, at least within the period of prescription.

It is further asserted by appellant that the decree in terms dismissed the action and at the same time decreed the defendant to be the owner of the premises in dispute, and, further, quieted the title to the same in defendant as against plaintiff. This it is claimed renders the decree void. We see no merit in this contention. The answer pleaded title in defendant and in its prayer asked for general relief. At the trial the issue was squarely presented as to who was the owner and entitled to the property in dispute. Each party in his prayer asked that the title to the same be quieted in him. The court having found in favor of defendant decreed to him full relief, which the evidence and proof showed him to be entitled to. The decree was right, and administered substantial justice under the issues, and the mere recital therein ''that the action be dismissed,'' was in no way prejudicial to appellant's rights. Plaintiff, having challenged the validity of the tax deed by reason of the defects pleaded by him, assumed the burden of sustaining his contention by sufficient proof. In this we think he failed.

Finding no error in the record the judgment will be affirmed.

Decided January 13, A. D. 1913. Rehearing denied April 14, A. D. 1913.