Argued March 2, modified and decree entered May 23, 1922.

## FLINT ET AL. *v.* KOPLIN ET AL.

(207 Pac. 468.)

**Tax Deeds—Void if Prematurely Issued.**

1. A tax deed, prematurely issued, is void and conveys no title to the grantee.

**Presumptions—Presumed Deceased Left Heirs.**

2. On death, presumption arises that deceased left heirs capable of inheriting.

**Decree—Binds Parties Before Court Who Do not Appeal.**

3. Although unwarranted effect is given tax deed, if decree is not appealed from same binds parties to it.

**Tenants in Common—No Privity Between.**

4. Tenants in common are not in privity with each other and a judgment against one tenant in common does not bind his cotenants who are not parties thereto.

From Lane: JOHN S. COKE, Judge.

Department 1.

                 MODIFIED AND DECREE ENTERED.

For appellants there was a brief over the name of *Messrs. Williams & Bean,* with an oral argument by *Mr. John M. Williams.*

For respondents there was a brief over the names of *Mr. S. P. Ness* and *Messrs. Young & Ray,* with an oral argument by *Mr. Donald Young.*

McCOURT, J.—The plaintiffs commenced this suit to quiet title to 160 acres of land situated in Lane County, Oregon, the title to which land was claimed by A. C. Jennings, deceased, in his lifetime, under a tax deed. Together, plaintiffs are the heirs of the said decedent and the beneficiaries under, and the executors of, his last will. A trial was had, and the Circuit Court, at the conclusion thereof, dismissed plaintiffs' suit, holding that the tax deed upon which plaintiffs relied was void, and that defendants were not concluded by the decree in the case of A. C. Jennings against the unknown heirs of John W. Tully, deceased, which decree was introduced in evidence by plaintiffs in support of the title claimed by them. This appeal is prosecuted from the decree dismissing plaintiffs' suit.

Upon the trial, plaintiffs offered in evidence, to prove their allegations of title and ownership, a tax deed issued to A. C. Jennings by the sheriff of Lane County on February 15, 1904, wherein the said sheriff undertook to convey to Jennings the title to the land in controversy. The deed recited, among other things, that the real property was assessed for the year 1900 to John W. Tully, and based upon such assessment, taxes were levied upon the land in the year 1901, and were not paid, and that to satisfy said unpaid taxes, the sheriff, by virtue of a

warrant duly issued by the County Court of Lane County, did on the first day of February, 1902, sell the premises to A. C. Jennings for $41, and issued to him a certificate, as provided by law; that two years had elapsed since the sale, and no redemption of the premises had been made by anyone.

The statute in force at that time regulating the issuance of tax deeds provided that the purchaser at a tax sale should be entitled to a deed at the expiration of three years from the date of the sale: Section 3127, B. & C. Codes.

1. Where a tax deed is prematurely issued, it is void, and conveys no title to the grantee: *Smith* v. *Algona Lbr. Co.*, 73 Or. 1 (136 Pac. 7, 143 Pac. 921); 37 Cyc. 1424; Black on Tax Titles (2 ed.), § 382; 2 Blackwell on Tax Titles (5 ed.), §§ 736, 737. Plaintiffs' tax deed was therefore ineffective to establish the title to which they alleged.

2. The record title to the land was vested in John W. Tully in 1900, when the assessment upon which plaintiffs' tax title is based was made. Tully died intestate in October 1902; so far as known Tully left no heirs. His estate was in process of administration from 1904 until 1912. Several suits have been prosecuted involving the lands in question, in one of which a summons was published against his unknown heirs, yet no one has appeared as his heir to claim his estate. Upon his death, however, a presumption arose that he left heirs capable of inheriting: 21 C. J. 857.

On May 26, 1904, A. C. Woodcock, who was apparently the only creditor of Tully's estate, was appointed administrator thereof. Tully was indebted to Woodcock in the sum of $100, evidenced by a promissory note and a mortgage on the lands in suit. On

December 12, 1906, one M. Martineau brought a suit against Tully's estate and named Woodcock, the administrator of the estate, as the sole defendant. Martineau alleged that the lands in suit were purchased by Tully with funds in his possession, one half of which belonged to Martineau, and that Tully made the purchase with the understanding that the lands should be held in trust by Tully, for himself and Martineau, and prayed for a decree declaring Martineau the owner of one half of the lands, subject to the lien of the mortgage for $100 given by Tully, in his lifetime to Woodcock. Woodcock appeared in the suit and filed an answer setting up his mortgage and denying any knowledge or information as to the facts alleged by Martineau of an equitable interest in the land. A hearing was had, and on July 3, 1907, the court entered a decree in favor of Martineau in conformity with the prayer of his complaint, and ordered Woodcock to execute and deliver to Martineau a deed conveying to the latter an undivided one half of the premises, and directed that in case Woodcock should fail to execute and deliver the deed, that the decree should operate and be in lieu thereof. The court in its findings recited: "That the said John W. Tully left no heirs that can be found after diligent search."

Martineau in his complaint erroneously described the lands, and the error was carried into the findings and decree. The mistake was later discovered, and another suit to correct the error in the description of the lands was instituted by Martineau on October 15, 1909; Woodcock in that suit was again made sole defendant. He appeared and consented that the relief prayed for in the complaint might be granted, and a decree was entered on October 16,

1909, reforming the earlier decree so as to correctly describe the land. Jennings was not made a party to those suits, and it was not necessary that he should be, as his tax deed was void upon its face.

On November 21, 1907, Woodcock assigned his mortgage against Tully to Jennings, and the latter professed to take possession of the lands thereunder, though it is not clear that he ever actually occupied the lands, either by himself or another. Martineau upon obtaining the second decree in his favor, having received conveyances from Woodcock as directed by the decrees, executed a deed under date of February 18, 1910, in which his wife joined him, purporting to convey to Mary S. Ness the lands in suit, and the latter on the fourteenth day of April, 1911, for a consideration of $1,250, conveyed an additional one-half interest in the lands to Louis W. Hunzicker. Subsequently on the twenty-ninth day of March, 1912, Mary S. Ness, in consideration of the further sum of $1,750, executed a deed purporting to convey an undivided one-half interest in the lands to Fred Hunzicker; the deed last mentioned conveyed no title, as Mary S. Ness parted with all of her interest in the land by her prior deed to Louis W. Hunzicker, who took possession of the lands with the consent of Mary S. Ness, and as her tenant, in 1910, and excluded Jennings therefrom.

Louis W. Hunzicker occupied and maintained possession of the lands continuously from 1910 until the time of his death in 1913. His administrator, John Hunzicker, and the defendant in the instant suit openly asserted possession to the lands from the death of Louis W. Hunzicker until the time this suit was heard, and have actually occupied the lands most of the time, either by themselves or their ten-

ants. Defendants assert title to the lands in suit, and in support thereof set up the decree above mentioned in favor of Martineau, and allege they have had adverse possession of the lands for more than ten years.

Plaintiffs introduced in evidence a decree given in favor of A. C. Jennings, by the Circuit Court of Lane County, on the twenty-seventh day of November, 1917, declaring A. C. Jennings, plaintiffs' ancestor, to be the owner of the land in suit, and that the unknown heirs of John W. Tully, deceased, had no right, title or interest in the premises, as against the plaintiff, and that the interveners in said suit (none of the parties here) had no right, title or interest in or to the premises, and quieted the title of plaintiff against all claims of said interveners and of said unknown heirs.

3. The suit in which the above-mentioned decree was entered was instituted in 1912 by A. C. Jennings against "the unknown heirs of John W. Tully, deceased," as defendants (No. 8152), and service of summons by publication was made upon such unknown heirs, pursuant to the provisions of the Statute of 1911, Or. L., Sections 10141–10144, inclusive. In the affidavit for publication of summons it was shown, and the court found in its order of publication, that no heirs of Tully could be discovered or found after diligent search; none appeared in the suit. Jennings based his right to relief in that suit, as do plaintiffs in this suit, upon the tax deed above mentioned, and the court held the same valid, and also that the Martineau decree, above mentioned, was void as against the plaintiff therein. No appeal was taken from that decree, and though an unwarranted effect was given plaintiff's tax deed therein,

the decree is binding upon the parties who were before the court.

Louis W. Hunzicker and Fred Hunzicker intervened as defendants in that suit, and claimed to own said land, or an interest therein. While the suit was pending, Louis W. Hunzicker died, and Jacob Hunzicker, the father and sole heir of Louis W. Hunzicker, intervened as defendant in place of the latter. Before the case was heard, Jacob Hunzicker died testate, and in his will devised all his real property to his children, the defendants in the instant suit and John and Fred Hunzicker, share and share alike; the suit was not revived as to the personal representative, heirs or devisees (the defendants in this case) of Jacob Hunzicker, and the decree subsequently entered therein did not conclude the interest or right of the heirs or devisees of the said Jacob Hunzicker to the premises, except that of Fred Hunzicker, who is not a defendant in the instant suit.

The decree last mentioned quieted title in Jennings to the land as against the unknown heirs, if any, of John W. Tully: 5 R. C. L. 645; *Phillips* v. *Tompson*, 73 Wash. 78 (131 Pac. 461, Ann. Cas. 1914D, 672, L. R. A. 1918F, 599); *Buck* v. *Simpson* (Okl.), 166 Pac. 146 (L. R. A. 1918F, 604, and comprehensive note, p. 609). The decree also quieted title in Jennings as against Fred Hunzicker, both as to any claim made by him under his deed from Mary S. Ness and as devisee under the will of Jacob Hunzicker, but it did not have the effect of transmitting to Jennings the legal or other title theretofore vested in the presumptive heirs of Tully or in Fred Hunzicker.

4. The claims of the defendants in this suit to ownership and interest in the lands were not de-

termined by that decree, as they were not parties thereto. Neither are they concluded by the decree against Fred Hunzicker: the latter was a tenant in common with defendants, and tenants in common are not in privity with each other, and a judgment against one tenant in common does not bind his cotenants who are not parties thereto: *Coan* v. *Osgood,* 15 Barb. (N. Y.) 583, 588; *Allred* v. *Smith,* 135 N. C. 443 (47 S. E. 597, 65 L. R. A. 924).

It follows that the adverse claims of plaintiffs and defendants, set up in this suit, to the lands in question were not determined by the decree in the suit against the unknown heirs of John W. Tully, and if the interest or claim of the defendants extends to the entire beneficial title to all of the land, plaintiffs are not entitled to any relief in this suit. If, however, the interest, if any, of defendants is an undivided interest,—less than the whole title,—the decree (No. 8152) establishes a right in plaintiff's ancestor and in them, to the undivided interest not embraced in the interest, if any, to which defendants are entitled.

Defendants in their brief disclaim any desire for affirmative relief, though in their answer they pray that their title be quieted as against the plaintiffs; thereby defendants have in this suit measured their title against that of plaintiffs. As indicated, numerous suits have been prosecuted in respect to the title to the lands in suit, and that title should be adjudicated in this suit, if there are sufficient facts before the court to authorize the same.

The suit brought by Martineau was a proceeding *quasi in rem* (*Hawkins* v. *Doe,* 60 Or. 437 (119 Pac. 754, Ann. Cas. 1914A, 765); *State* v. *First Nat. Bank of Portland,* 61 Or. 551, 555 (123 Pac. 712, Ann. Cas.

1914B, 153), and was effectual to establish the interest of Martineau in the lands, except that it was not final as to the heirs, if any, of Tully.

At the time the Martineau suit was brought, there was no statutory or other authority which authorized Martineau to proceed against unknown heirs in a case where it could not be ascertained that the decedent actually left heirs. Woodcock was the only person within the jurisdiction of the court having any relation to the property, and accordingly was the only person that Martineau could properly make a party to the suit. The court obtained jurisdiction of the property and the only party within its jurisdiction connected therewith and the decree entered by the court in the suit brought by Martineau declared him the owner of a one-half interest in the property, and was effective for that purpose, subject to the right of the heirs, if any, of Tully, in a subsequent suit to establish that their ancestor did not hold the land subject to the trust asserted by Martineau.

An undivided half interest was all that Martineau ever claimed in the lands and was all that the decree awarded him. And Louis W. Hunzicker did not at any time claim to own more than an undivided half interest in the lands and his deed from Mary S. Ness conveyed to him an undivided half interest only, therein.

As successors to the rights of Martineau established by the decrees in his favor, defendants, together with John and Fred Hunzicker, became the equitable and beneficial owners of an undivided half interest in the lands in suit, the bare legal title thereto having vested at the death of John W. Tully in his heirs, if he left any, and if not, in the State of Oregon.

By the will of Jacob Hunzicker, the defendants and John Hunzicker and Fred Hunzicker was each de-. vised an undivided one-sixteenth interest in the lands in suit. John Hunzicker is not a party to this suit and he was not a party in his individual right to the suit against the unknown heirs of John W. Tully.

A decree will be entered, declaring plaintiffs to be the owners of an undivided nine-sixteenths interest in and to the land in suit, and quieting their title thereto, as against the defendants, Allisa Koplin, Emil Hunzicker, Helena Hunzicker, Edward W. Hunzicker, Otto M. Hunzicker and Wilhelm P. Hunzicker; and declaring defendant to be the owners of an undivided six-sixteenths interest in and to said lands, and quieting their title thereto, as against plaintiffs. And it is so ordered.

Defendants shall recover their costs upon this appeal from plaintiffs.

MODIFIED AND DECREE ENTERED.

BURNETT, C. J., and McBRIDE and RAND, JJ., concur.