No. 14,579.

KNUTSON ET AL. *v.* DICKSON.
(94 P. [2d] 691)

Decided September 18, 1939.   Rehearing denied October 9, 1939.

Mr. W. MABRY KING, for plaintiffs in error.

Mr. T. E. MUNSON, for defendant in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Plaintiffs in error, plaintiffs below, brought suit in ejectment against Dickson who was in possession of certain premises described in the complaint. Plaintiffs asserted title to the property by virtue of a tax deed of date March 17, 1938, duly executed and delivered to them by the county treasurer. Findings and judgment below were in favor of defendant Dickson, principally on the ground, as the trial court announced, that the tax deed was void on its face because of the omission therefrom of a statement that the certificate of purchase originally issued to the county on the tax sale had not been duly assigned under authority of a resolution of the board of commissioners in accordance with the provisions of section 249, chapter 142, volume 4, '35 C. S. A., 1935 Session Laws, page 329, section 1. The decree in defendant's favor was to become effective upon reimbursement of plaintiffs for the amount of taxes paid by them, with which condition defendant duly complied.

Plaintiffs' principal assignment of error is directed to the holding of the court that the tax deed was void on its face, which they say was erroneous because the 1935 act does not apply where taxes in full are tendered to the county treasurer. Counsel for defendant in error agrees with the conclusion of the trial court on this point, but in addition urges, in a cross assignment of error, the invalidity of the deed in question, because it shows on its face that the request for its issuance and the first publication of the notice thereof was prior to the expiration of three years from the date of sale.

Since we have reached the conclusion that plaintiffs in error are right in their contention, and that defendant in error is wrong in the position advanced by his cross assignment, we discuss both points briefly.

1. The 1935 statute reads as follows: "Any county in this state having in its possession or under its control certificates of purchase resulting from the sale of

land for the nonpayment of general taxes, may assign, sell, or transfer such certificates in such manner, at such times, and on such terms as may be determined by resolution of the board of commissioners of such county, and thereafter such county shall execute and deliver such instruments as may be necessary fully to convey all of the right, title and interest of the county in or to such certificates." '35 C. S. A., c. 142, §249, S. L. '35, p. 329, §1.

The deed here involved is in the statutory form, but the statement therein that it was executed upon a certificate of purchase which had been duly assigned by order of the board of county commissioners duly entered of record, was deleted. Plaintiffs in error seek to avoid the effect of this omission and, arguing interrogatively, say: "In a sale by the county treasurer of a tax certificate held by the county and the assignment thereof, is it necessary that an order be made by the board of county commissioners authorizing such sale when the amount received is the full amount due on said certificate, principal and interest, together with all subsequent taxes assessed against said property and unpaid?" This question they contend, should be answered in the negative, and they support their position by asserting that the purpose of the statute is fulfilled when the county realizes the full amount of the taxes due it on the property, and that the 1935 act was intended to, and does, cover only those certificates which the county holds and for which payment of taxes in full is not tendered and it becomes necessary for the board to fix an amount at which they may be sold.

We think this position is well taken. We already have had occasion to pass upon a similar question where the 1935 act, supra, was intended to apply. See *District Landowners Trust v. Adams County*, 104 Colo. 146, 89 P. (2d) 251. There is no need for any action by the county commissioners when the full amount of the taxes due is tendered, consequently, no inconsistency or re-

pugnancy exists between the 1935 act and the law theretofore existing pertaining to the disposition of certificates held by the county when taxes thereon are tendered in full; therefore, there is no repeal by either direction or implication.

This principle is further stated as follows: "While the purpose of the law in divesting the estate of a landowner, upon sales for delinquent taxes, is to coerce the negligent and unwilling citizens to obedience of the law in payment of their taxes, the sole object of the state in such sales is to collect its revenue." 61 C. J. 1113, §1514.

The 1935 act being inapplicable, the duty and power of the county treasurer in this behalf was fixed by the prior law, which reads in part as follows: "* * * Whenever any lot, or parcel of land, interest therein or improvement on land shall be bid in by or for the county, city, town or city and county, as the case may be, at any tax sale, pursuant to the provisions of this law, and a certificate of purchase shall be made to such county, city, town or city and county, therefor, the treasurer of such county, city, town or city and county as the case may be, may sell, assign and deliver any such certificate to any person who shall desire to purchase the same upon payment to the treasurer of the amount for which said property was bid in by the county, city, town or city and county, as the case may be, with interest and penalties accrued thereon from the date of sale, together with the sum of one dollar for making such assignment, also the taxes assessed thereon since the date of such sale, or in case of a county, city, town or city and county for such sum as the board of county commissioners or other board authorized to perform the duties of a board of county commissioners at any regular or special meeting may decide and authorize by order duly entered in the recorded proceedings of such board * * *." '35 C. S. A., vol. 4, c. 142, p. 826, §247, 1927 S. L., p. 612, §1. There is no contention that there

was not a compliance with this portion of the statute.

The argument advanced by counsel for defendant in error that "The county might be very much interested in acquiring title to some land for the new diversified industries that the county has been engaged in during recent years" and that, therefore, the county treasurer's power and authority should be limited or curtailed is not persuasive. We already have held that the apparent reason for the passage of the 1935 act by the General Assembly was "that thousands of acres of land sold for taxes might again be placed on the tax roll." *District Landowners Trust v. Adams County, supra.* It is not within our province to declare new policies in connection with possible uses for land in which the county, as a governmental agency, might become interested. We are concerned here only with the right of the county to collect its full revenue, with the correlative duty of protecting the taxpayer in all of his legal rights.

2. We do not think the defendant in error's cross assignment is good. The assignment is based on the fact that application for the deed was made five days prior to the expiration of the three-year period, and that the first notice was published three days before the end of the period. The legal proposition involved is concededly new. No cases are cited by either side which are applicable, and the only authority we have found bearing on the point is that of *Pelton v. Muntzing,* 24 Colo. App. 1, 10, 131 Pac. 281, where it is held: "Under this provision of the statute the purchaser, or his assignee, is vested with the right to demand his deed any time after three years from sale, at least within the period of prescription." This simply says that the purchaser may not demand his deed before the expiration of the three-year period, not that he may not make application therefor, as the language of the syllabus to the case would seem to indicate.

Defendant in error relies on two provisions of the statute, as follows:

"At any time after the expiration of the term of three years from the date of the sale * * * on demand of the purchaser * * * and on presentation of such certificate of purchase * * * and proof of compliance with the next succeeding section [which section directs that there shall be a compliance with rules regulating the giving of notice and service of same] the treasurer then in office shall make out a deed * * *." '35 C. S. A., c. 142, §247, S. L. '27, p. 612, §1.

"Before any purchaser * * * of any land * * * of the assessed valuation of $100 or more * * * shall be entitled to a deed * * * he shall make request upon the county treasurer, who shall then comply with the following, to-wit:

"The county treasurer shall serve or cause to be served * * * notice * * * which notice shall be inserted three times, the first time not more than five months, and the last time not less than three months, before the time at which deed may issue * * *." '35 C. S. A., c. 142, §255, S. L. '31, p. 700, §1.

His counsel argues: "If this time can be shortened by the county treasurer and the holder of the tax certificate can apply for a deed within the three years, then the provisions of section 247 which says that the holder of the tax certificate may apply at any time after three years, becomes an absolute nullity."

This argument is beside the question. The three years mentioned concerns the period in which the taxpayer may redeem his land from sale by payment of taxes and penalties thereon. No deed can be issued prior to expiration of the fixed time. That is the right the statute protects. It does not mean that the purchaser may not, a short time before the expiration of the three-year period, set in motion the machinery prescribed by law to make his deed available to him, after the three-year period expires. That this is true is indicated by another provision contained in section 255, supra, which says, "The purchaser or assignee shall, at the time of making

on the treasurer *such request for notification, prepay * * *"* certain costs. (Italics are ours.) It goes without saying that neither the purchaser nor the county treasurer can do anything which would shorten the taxpayer's time for redemption, but here the deed, which bears date March 17, 1938, itself states "that more than three years have elapsed since the date of sale [December 4, 1934] and the said property has not been redeemed therefrom as provided by law."

Another provision of the statute which throws some light on this problem is section 264, chapter 142, '35 C. S. A., 1925 Session Laws, page 441, section 6, which states that "Real property sold under the provisions of the revenue law of 1902 may be redeemed by the owner, his agent, assignee or his attorney, or by any person having a legal or equitable claim therein, at any time before the expiration of three years from the date of sale, or thereafter at any time before the execution of the treasurer's deed to the purchaser * * *." This same idea is reflected in a clause contained in section 255, supra, reading, "and when the time of redemption will expire, *or* when the tax deed shall be issued." This seems to indicate that the time of application, or "request for notification," is not so important, so long as the notices, as published, come within the time stipulated of "not more than five months, and the last time not less than three months" prior to the issuance of the deed after the three-year period has expired.

Under this construction the taxpayer here had not only the three years, but, in addition, the time from December 5, 1937, to March 17, 1938, in which he might have redeemed.

A statute in Montana specifically recognizes informality in making application for a tax deed. *State ex rel. v. Yellowstone County* (Mont.) 88 p. (2d) 6, and the following cases indicate that a deed is not prematurely issued, and therefore void, unless given before the redemption period expires. *National Bank of Commerce*

*v. Davies,* 112 Wash. 106, 191 Pac. 879; *James v. Manning,* 79 Kan. 830, 101 Pac. 628; *David v. Whitehead,* 13 Wyo. 189, 79 Pac. 19; *Flint v. Koplin,* 104 Ore. 193, 207 Pac. 468.

Our conclusion, therefore is, that since the application for the deed in no way affected the taxpayer's right to redeem, and no irregularity appears on the face of the deed, defendant in error's cross assignment must fail.

Judgment reversed.

MR. JUSTICE OTTO BOCK and MR. JUSTICE BURKE dissent in part.

MR. JUSTICE FRANCIS E. BOUCK not participating.

MR. JUSTICE BURKE dissenting.

I dissent in part. I think notice cannot be given until after the expiration of three years. Mr. Justice Otto Bock concurs in the view herein expressed.